UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATNAM RAM,<br><br>Plaintiff,<br><br>v.<br><br>INTER-CON SECURITY SYSTEMS, INC.,<br><br>Defendants. | No. 2:17-cv-02684-MCE-KJN PS<br><br><br><br>ORDER |

On December 26, 2017, plaintiff Satnam Ram, who proceeds pro se,[1] paid the filing fee and filed a complaint against defendant Inter-Con Security Systems, Inc., alleging unlawful employment discrimination under Title VII of the Civil Rights Act of 1964. (See ECF No. 1.) A status (pre-trial scheduling) conference was held before the undersigned on May 10, 2018, at 10:00 a.m. At the hearing, plaintiff appeared on his own behalf.

Previously, on December 26, 2017, the court issued an order setting the status conference and directing the parties to file status reports addressing specific topics not later than seven days prior to the status conference. (ECF No. 3 at 2–3.) The order specifically cautioned that "[f]ailing to obey federal or local rules, or [an] order of this court, may result in dismissal of this

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules." (Id. at 3.)

While plaintiff returned a copy of the executed summons (ECF No. 4), defendant has not yet appeared. Furthermore, plaintiff failed to file a status report, seven days prior to the May 10, 2018 status conference, as ordered. At the hearing, plaintiff explained that he has been attempting to find legal representation in this matter, and requested additional time to find an attorney.

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds). A district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case, or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

This court's Local Rules are in accord. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

E.D. Cal. L.R. 183(a).

Plaintiff's failure to follow the court's prior order is sufficient grounds to issue sanctions. However, due to plaintiff's pro se status, and the court's great desire to have this case decided on its merits, the court will not sanction plaintiff at this time. Rather, plaintiff is afforded a ninety-day continuance, in order to give him additional time to hire an attorney.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The status (pre-trial scheduling) conference is reset for **August 9, 2018**, at 10:00 a.m., in Courtroom 25 before the undersigned.

2. On or before **July 26, 2018**, the parties shall file status reports, as directed in the court's December 26, 2017 order (ECF No. 3).

3. Plaintiff, on his own behalf or through counsel, shall reach out to defendant in order to facilitate the filing of the status reports. The parties are encouraged, when possible, to file a joint status report.

4. The Clerk of Court shall provide plaintiff a copy of the court's December 26, 2017 order (ECF No. 3), along with this order.

5. Plaintiff's failure to follow this order may result in the imposition of appropriate sanctions, including a potential recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

IT IS SO ORDERED.

Dated: May 11, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/ps.17-2684.ram.order csc